UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR-08-157-B-W-02 |
| | ) | |
| LEVAR CAREY | ) | |

**ORDER ON *CASTRO* HEARING**

On February 26, 2009, the Court held a hearing in accordance with *United States v. Castro*, 129 F.3d 226 (1st Cir. 1997), to determine whether two individuals the Defendant intended to call as witnesses at trial were going to assert their Fifth Amendment right not to testify and, if so, whether they should be allowed to do so. The two individuals were co-defendants in the original Indictment in this case: Christopher Riley and James Damon.

In *Castro*, after describing the Fifth Amendment privilege against self-incrimination as "a cornerstone of our adversarial system of criminal justice," the First Circuit observed that the Fifth Amendment's "prophylaxis is not available to all comers in all circumstances" and the prospective witness must show "at the very least that he is faced with some authentic danger of incrimination." *Id.* at 229. The *Castro* Court cautioned that the Fifth Amendment privilege "cannot be invoked on a blanket basis," and charged the district court with making a "particularized inquiry" into whether the privilege may be asserted on a "question by question" basis. *Id.*

The Court had earlier denied the witnesses' motions to quash Mr. Carey's motions for writs of habeas corpus, and the two witnesses appeared in court with counsel for the *Castro* hearing. *Order* (Docket #'s 153, 154). The Court allowed defense counsel for Mr. Carey and the prosecutor to describe to each witness the likely areas of inquiry for direct and cross-

examination. Following this description, each witness asserted his right to remain silent under the Fifth Amendment and confirmed that if called as a witness at Mr. Carey's trial, he would not testify voluntarily.

For the reasons stated on the record, the Court concluded that Mr. Riley and Mr. Damon had sustained their obligation to demonstrate that they were each "faced with some authentic danger of incrimination" if they testified and had limned "some reasonable possibility that, by testifying, he may open himself to prosecution." *Castro*, 129 F.3d at 229. Further, in accordance with *Castro*, the Court stated that it would not permit the Defendant to call these witnesses at trial to require them to take the witness stand and assert the privilege in front of the jury. *Id.* at 231.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 26th day of February, 2009