UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR-08-157-B-W-02 |
| | ) | |
| LEVAR CAREY | ) | |

**ORDER ON GOVERNMENT'S MOTION *IN LIMINE*
REGARDING PRIOR CONVICTIONS**

The Court concludes, if the Defendant testifies, his conviction for identity fraud is mandatorily admissible under Federal Rule of Evidence 609(a)(2), and his convictions for marijuana possession are not admissible under Rule 609(a)(1). Because the admissibility of the remaining convictions depends upon trial context, the Court defers ruling on whether the Defendant's convictions for trafficking cocaine, for conspiring to distribute illegal drugs, and for two state firearms offenses will be admissible under the factors set forth in *United States v. Grandmont*, 680 F.2d 867, 872 n.4 (1st Cir. 1982).

**I.   STATEMENT OF FACTS**

By Superseding Indictment dated February 11, 2009, Levar Carey stands charged with conspiring with others to make false statements to a licensed federal firearms dealer between September 2007 and up through October 11, 2007 to acquire firearms; with knowingly aiding and abetting the making of a false statement on October 11, 2007 to a licensed federal firearms dealer to acquire firearms; and, with possessing firearms after having been convicted of a felony. *First Superseding Indictment* (Docket # 111). On February 13, 2009, the Government moved *in limine* for a pretrial ruling establishing that if Mr. Carey elects to testify, he will be subject to impeachment for prior convictions under Federal Rule of Evidence 609. *Gov't's Mot. in Limine*

*Regarding Prior Convictions* (Docket # 117) (*Gov't's Mot.*). The attachments to the motion confirm that from 2000 to 2005, Mr. Carey was convicted of a string of ten crimes in the commonwealth of Massachusetts and one in the commonwealth of Virginia; these include two firearms convictions, eight drug offenses, and one identity fraud crime. *Id.* at Attach. 1 (Docket # 117-2) (*Ex. A*); *Additional Attachs*. (Docket # 118). The Defendant has not replied.

## II. DISCUSSION

The admissibility of prior convictions is governed by Rule 609:

For the purpose of attacking the character for truthfulness of a witness,

(1) evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused; and

(2) evidence that any witness has been convicted of a crime shall be admitted regardless of the punishment, if it readily can be determined that establishing the elements of the crime required proof or admission of an act of dishonesty or false statement by the witness.

Fed. R. Evid. 609(a).[1]

### A. Identity Fraud

On May 3, 2004, Mr. Carey was convicted in the commonwealth of Virginia of identity fraud, using identification documents or identifying information of another to avoid summons, arrest, prosecution, or to impede a criminal investigation, a violation of section 18.2-186.3 of the Virginia Code. Identity fraud fits well within Rule 609(a)(2)'s scope of crimes of dishonesty and false statement. *United States v. Collier*, 527 F.3d 695 (8th Cir. 2008) (holding that a credit card fraud conviction was admissible under Rule 609(a)(2)); *SEC v. Sargent*, 229 F.3d 68, 80 (1st Cir.

---

[1] Each conviction falls within the ten-year time limit established by Rule 609(b). Fed. R. Evid. 609(b).

2000) (stating that "[w]ithout question, a conviction for lying to a government official is a crime of 'dishonesty or false statement'"); *United States v. Tracy*, 36 F.3d 187, 192 (1st Cir. 1994) (holding that uttering a false prescription is subject to mandatory admission under Rule 609(a)(2)). The use of a false identification to avoid arrest or impede a criminal investigation fits within Congress's inclusion of false pretense offenses among those crimes subject to Rule 609(a)(2). *Tracy*, 36 F.3d at 192 (quoting Fed. R. Evid. 609 notes of conference committee, H.R. No. 93-1597, as listing "false pretense" among specific crimes included within Rule 609(a)(2)). Evidence of the conviction for identity fraud is mandatorily admissible. *Sargent*, 229 F.3d at 80; *Tracy*, 36 F.3d at 192.

### B. Drug Trafficking Convictions

Mr. Carey has eight prior drug convictions. Drug offenses are not generally considered crimes of dishonesty or false statement under Rule 609(a)(2). *Wierstak v. Heffernan*, 789 F.2d 968, 971-72 (1st Cir. 1986) (stating that "crimes of . . . drug use, lack probative value of showing a propensity to lie on the stand"). The focus shifts to whether they are admissible under Rule 609(a)(1).

To be admissible under Rule 609(a)(1), the crime must be punishable by death or imprisonment in excess of one year. The documents reflect three convictions for Class B drug crimes, violations of chapter 94C, section 32A of the Massachusetts General Laws; three convictions for Class D drug crimes, violations of chapter 94C, section 34; and, two convictions for conspiracy to violate drug laws, violations of chapter 94C, section 40. The Class B drug offenses are punishable "by imprisonment in the state prison for not more than ten years, or in a jail or house of correction for not more than two and one-half years." Mass. Gen. Laws ch. 94C, § 32A(a).

The penalties for Class D drug crimes vary, depending on the type of drug and the defendant's criminal history. *Id.* § 34. On this record, the statutory penalties Mr. Carey faced for possession of marijuana remain uncertain. If marijuana is possessed and the defendant has not been previously convicted of possession or any other controlled substance offense, the defendant must generally be placed on probation. *Id.*; *Commonwealth v. Lupo*, 476 N.E.2d 963, 966-67 (Mass. 1985) (stating that "[m]andatory probation is the exclusive punishment that may be imposed on a consenting first offender convicted of possession of marihuana . . . unless the judge files a written memorandum explaining his reasons for doing otherwise"). If the defendant has a prior conviction, it is unclear whether the maximum sentence is six months or longer. *Compare* Mass. Gen. Laws ch. 94C, § 34 (stating that "[a]ny person who violates this section by possession of marihuana . . . shall be punished by imprisonment . . . for not more than six months," but then stating that "whoever violates the provisions of this section after one or more convictions . . . shall be punished by imprisonment . . . for not more than two years"), *with Commonwealth v. Thomas*, 692 N.E.2d 97, 102-03 (Mass. App. Ct. 1998) ("The penalty prescribed . . . for unlawful possession of marihuana is not more than six months. . . . The record does not disclose that the defendant had been convicted previously of possession of marihuana, which would have subjected him to a longer sentence."), *and Ex. A* at 25 (listing the penalty for marijuana possession as "imprisonment not more than 1 year"), *and Ex. A* at 17 (stating the punishment for marijuana possession with a prior conviction as "imprisonment not more than 6 months").

The penalty for the drug conspiracy convictions "shall not exceed the maximum punishment prescribed for the offense, the commission of which was the object of the conspiracy." *Id.* § 40.

4

  **1.**  **The Class D Drug Offenses**

    1) Marijuana Possession – April 18, 2000 Conviction

On November 22, 1999, Mr. Carey was charged in Fall River District Court with possession of a Class D drug—the drug was marijuana. The maximum penalty is listed as not more than one year. On April 18, 2000, Mr. Carey appeared before the Fall River District Court and admitted the charge. He was sentenced to probation.

    2) Marijuana Possession – February 15, 2001 Conviction

On January 16, 2001, Mr. Carey was again charged in Fall River District Court with possession of marijuana. The maximum penalty is listed at six months. On February 15 2001, Mr. Carey appeared before the Fall River District Court and admitted the charge. The judgment is listed as guilty and the case was filed.

    3) Marijuana Possession – December 12, 2005 Conviction

On January 31, 2005, Mr. Carey was again charged with possession of marijuana, this time in Brockton District Court. The maximum penalty is listed at six months. On December 12, 2005, Mr. Carey appeared before the Brockton District Court and admitted sufficient facts. The judgement is listed as guilty and the case was filed.

  **2.**  **The Class B Drug Offenses**

    1) Possession With Intent to Distribute Cocaine – April 18, 2000 Conviction

On November 22, 1999, Mr. Carey was charged in Fall River District Court with possession of a Class B drug with the intent to distribute it—the drug was cocaine. On April 18, 2000, Mr. Carey pleaded guilty and was sentenced to two years in the Massachusetts House of Corrections.

    2) Distribution of Cocaine - February 15, 2001 Conviction

On January 16, 2001, Mr. Carey was charged in Fall River District Court with distribution of a Class B drug—again the drug was cocaine. On February 15, 2001, he pleaded guilty and was sentenced to twenty-seven months in the House of Corrections.

>   3) Possession With Intent to Distribute Cocaine - February 15, 2001 Conviction

On January 16, 2001, Mr. Carey was also charged in Fall River District Court with possession of a Class B drug—cocaine—with the intent to distribute it. On February 15, 2001, he pleaded guilty and the case was filed.

### 3. The Drug Conspiracy Convictions

>   1) Conspiracy to Violate Drug Laws - Two February 15, 2001 Convictions

On January 16, 2001, Mr. Carey was charged with two separate counts of conspiring to violate drug laws. The Criminal Complaint does not specify the drugs involved, stating only that the penalty for conspiracy offenses is the same as the sentence prescribed for the offenses which were the objects of the conspiracies. On February 15, 2001, Mr. Carey pleaded guilty to each charge and the cases were filed.

### 4. Discussion

The convictions for the Class D marijuana crimes are not admissible under Rule 609(a)(1), because the Government has not produced sufficient evidence to find that they meet the punishment requirement. *United States v. Meserve*, 271 F.3d 314, 327-31 (1st Cir. 2001). For the same reason, although the convictions for the conspiracy crimes could be admissible depending on the applicable penalties, the evidence is insufficient on this record to determine what penalties were applicable. Without more, neither conspiracy conviction is admissible under Rule 609(a)(1).

The convictions for the Class B cocaine crimes are a different matter. They otherwise meet the Rule 609(a)(1) requirements and, therefore, their admissibility depends upon a Rule 403 analysis. The Court, however, defers ruling on this question. Without a trial context, it cannot accurately determine the prejudicial impact of this evidence, and more particularly, its probative value. In doing so, the Court will weigh the First Circuit's *Grandmont* factors. *Grandmont*, 680 F.2d at 872 n.4; *United States v. Mahone*, 328 F. Supp. 2d 77, 84 (D. Me. 2004).

### C. Firearms Convictions

On January 31, 2005, Mr. Carey was charged with two state firearms offenses: (1) carrying a firearm without a license, a violation of Massachusetts General Law, chapter 269, section 10(a); and, (2) possessing a firearm without a firearm identification card, a violation of chapter 269, section 10. He admitted sufficient facts to both charges on December 12, 2005 and was sentenced to two years, all but one suspended. He was placed on probation until December 12, 2006.

The Court will again reserve ruling. The Court cannot anticipate what is going to happen at trial. *United States v. Norton*, 26 F.3d 240, 244 (1st Cir. 1994) (holding a prior firearms conviction admissible in a felon in possession case under Rules 402 and 403 after the defendant opened the door by testifying he never possessed a gun). Again, the Court will apply the *Grandmont* factors.

### III. CONCLUSION

The Court GRANTS the Government's Motion *in Limine* Regarding Prior Convictions (Docket # 117) in part, DENIES the motion in part, and defers ruling in part. The Defendant's 2004 commonwealth of Virginia conviction for identity fraud is mandatorily admissible under Rule 609(a)(2). Defendant's convictions for commonwealth of Massachusetts Class D drug

offenses and for undefined conspiracy offenses are inadmissible under Rule 609(a)(1). The Court defers ruling until trial on the Defendant's prior convictions for Massachusetts Class B drug offenses and for Massachusetts firearms offenses.

    SO ORDERED.

                    /s/ John A. Woodcock, Jr.
                    JOHN A. WOODCOCK, JR.
                    CHIEF UNITED STATES DISTRICT JUDGE

Dated this 26th day of February, 2009